IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JAMES BARBIERI, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN FREITAS, aka STEVE FREITAS, in his official and private capacities, SONOMA COUNTY SHERIFF'S DEPARTMENT, KATHRYN STRALEY in her official and private capacities, and DOES 1-15, inclusive, <br><br> Defendants. | No. C 12-06311 WHA <br><br><br> **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Pro se plaintiff Ronald James Barbieri filed an ex parte application for a temporary restraining order against all defendants on December 21, 2012. Plaintiff sought to restrain defendants from evicting him from his residence. It appears that plaintiff filed this lawsuit in order to prevent the Sheriff's Department from enforcing a state court unlawful detainer judgment entered against him while plaintiff proceeds to litigate a separate lawsuit he filed against a different set of defendants to set aside the foreclosure sale (No. 12-cv-05252-WHA).

In response to this Court's order requiring a response, defendants filed a written response on January 9, 2013. Accompanying the response was the sworn declaration of Kory Mooney, a deputy sheriff at the Sonoma County Sheriff's Office. Her duties include executing state court writs of possession for real property and performing the related evictions (Mooney Decl. ¶ 1). Ms. Mooney avers that she attempted to execute the Writ of Possession held by PWFG on

December 18, 2012.* She was unable to do so on that date, and accordingly filed a "Return on Writ of Possession to the Superior Court" on December 19, 2012 (*id*. at ¶ 6 and Exh. C). This document stated that the writ was not satisfied and terminated the writ. Defendants represent that the "Writ of Possession is therefore no longer enforceable; the Sheriff's Office has completed all of its duties and obligations under the writ" (Dkt. No. 20 at 3; Mooney Decl. ¶ 6).

Accordingly, plaintiff is unable to demonstrate a likelihood of irreparable harm in the absence of preliminary relief, as required to obtain injunctive relief. *See Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). The moving party must demonstrate: (1) the moving party's likely success on the merits; (2) likely irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equity tips in the moving party's favor; and (4) that the injunction is in the public interest. The moving party bears the burden of persuasion, and must make a clear showing. *Id*. at 22. Plaintiff is unable to do so here, as the Sheriff's Office has represented that there is no current Writ of Possession that it has the power to execute. Therefore no injunctive relief is warranted on this record.

For the reasons stated above, plaintiff's application for a temporary restraining order is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

* Ms. Mooney's declaration states that the agent who had been designated by PWFG to receive possession of the property was not present. Because Ms. Mooney was authorized to provide possession of the property only to PWFG's designated agent, she did not execute the Writ of Possession (Mooney Decl. ¶ 5).